Counsel to the appellant, you may proceed. Judge O'Scanlan, Judge Tashima, Judge Smith, my name is Carl Berry. I'm here representing the appellant today. I think as an opening summary of what I believe the record shows is that viewing the undisputed facts in this case, the only way that the judge below could get to the conclusion that he reached was by misapplying retroactively Schaefer v. Wiest. Counsel, what role, if any, do you believe that our Van Doon v. Baker School District case play in this case? I'm sorry, Your Honor, I'm not familiar with that case. It's a case decided September 6, 2007, which applied Schaefer retroactively. Slightly different facts, but just wondered whether you had any input on that. I apologize to the court for not having that case at my fingertips, which I should, being the advocate for the appellants here. I think what needs to be considered in our particular case is that we're not at the administrative level when Schaefer is being applied retroactively. In fact, I had a case at the administrative level at this very time, and we had to switch hats, and we were called back by the hearings officer to present the case with a new burden out going forward and a new burden of proof applied to the parents in that case, and we did so. Well, what's the standard under Harper? Isn't it, in this case, the judge had not actually entered, the district court had not entered its ruling, as I understand it. Under Harper, would that make any difference? I think it does, given the fact that we have an administrative level below in which the parties are proceeding under the presumption that the DOE, which has had the burden for decades, both of going forward and the burden of proof, is obligated to prove by a preponderance of evidence that they provided free and appropriate public education. Do you have any case law? I mean, I understand your fairness argument, but is there any case law that substantiates your position on this retroactivity? I think that the case law that substantiates it is the analysis that requires the court to look at the fundamental fairness of applying the case retroactively and what the consequences would be for people in the appellant's position. In this particular case, it's not just that the court in its proceedings applied the standard retroactively. It did so after an administrative proceeding that had been concluded with a full presentation of the evidence available to the parents with the understanding that it was the state's burden. We then go through an appeal. We have a briefing and oral argument there. The parties do not request supplementation of the record at this time, believing from our perspective that the record and the undisputed facts will take over in much detail in our briefs, and we have sufficiently supported the parent's position under the then existing burden that we ought to get the hearing officer's decision reversed. We then receive a decision from the court, without imitation, to revisit the burden of the record and applying that burden retroactively in a matter that is clearly at the parent's disadvantage and without the opportunity to come back to the court and first at least argue the legal point as to whether or not it would be unfair to do so at this point and if the court were to stick to its guns and say we're going to proceed under the Schaefer v. Wiest analysis, it's going to apply because we're going to treat this as an appeal in which the precedent changes and we're going to apply the new precedent to the facts of this case. We could then say, well, that's fine, Your Honor, but may we have the opportunity to supplement the record  I'll draw your attention to the excerpts of record number 29 and 32 in which Dr. Bowman gives what we believe to be a very convincing description of the child's condition, how he was improved after deteriorating significantly when removed from the DOE environment and put into the private school. I gather that the district court indicated at its order at 26 and 27 that, and I'm quoting here, that he would be extremely reluctant to include in quotes that the school offered the student a fate if he'd been aware of the suicidal tendencies shown by the student. Is that your understanding as well? I believe that is correct, and I think in looking at the shape of the student's IEP in this particular case, the court has to consider two aspects of it. One is the aspect of educational progress. It's undisputed. Ms. Fuller herself, the student's teacher, testified that he made no significant progress in 7th and 8th grade. That's not disputed. In fact, the present levels of educational performance, which is supposed to be the school's snapshot of the child in forming his specific program, did not change at all from 7th to 8th grade. Secondly, the court has to look at not only the educational progress, but part of IDEA is to deal with social and behavioral concerns. If I could just interrupt you. I appreciate your argument on this. I'm trying to focus for a minute on some of the procedural things here. What duty, if any, under the case law, does the district court have in a situation like this to permit you to introduce additional testimony? Isn't that wholly discretionary for the district court? I agree that it is, Your Honor, but when the court makes a statement like the one that you pointed to and the court at the same time has a, you know, the other overlay on this is the court is applying a new burden that didn't apply either at the administrative level or at the appellate level, that is, the general appeal to the district court, the question I would raise is isn't it appropriate at that point in time to give the parties an opportunity to address those concerns rather than ruling? If the court has those kinds of serious concerns, and we're talking about undisputed proof that the child is in a tailspin, he's having auditory hallucinations, he's hearing bad thoughts in his head, they're getting worse, this is confirmed by not only his mother's testimony, Dr. Sherry Henry's testimony, but by Dr. Bowman, his medical doctor as well, oughtn't the court to give us an opportunity at that point by exercising his discretion and saying, you know, I understand that the rules have changed. It's not something small. It's the burden of proof going forward. I'm going to give you folks an opportunity to address the concerns that I've identified. In my analysis, my own analysis of the facts, it's something certainly the court looked at. Some of the other things I'd like to highlight about this case, Your Honor, this is obviously not a case where the parent is standing up and saying I'm right and you have to do what I say. It's a case where the parent has worked with the district over a period of time, tried to collaborate with the district over a period of time, has worked with the district and repeatedly sought from the district services that would meet this child's needs based on recommendations made to her by the child psychologist and the child psychiatrist. It's not some parent just going out there and banging the drum and saying give me everything that I want. It's quite the opposite. It's one where the parent collaborated with the process and was not able to obtain services for the child and only withdrew the child and put the child in a special school when there was no other alternative available to her and at a time when the child was in crisis. There's no question about that, and those facts are undisputed. The symptoms, again, are behavioral as well as academic, and there's no dispute that those behavioral symptoms were escalating. Hearing voices, hearing himself being told to do bad things, walking around and being sleepless and saying I'm stupid as a result of the frustration and anxiety that he was experiencing every day in school. The other points I'd like to make that I think are undisputed and the court has to consider in this particular instance and Judge Below did not find were disputed were the fact that services were cut unilaterally. IDEA does not permit that. IDEA requires that there either be mutuality to the adjustment of the child's program or that one of the other parties take the matter to a due process hearing, and there's a mechanism there through that process for adjusting the child's program. Dr. Henry's hours were cut. She was excluded from the classroom. She was excluded from campus. She was told that she could not supervise the skills trainer even though that's something that her contract said she was supposed to do. She was, when asking questions about why the child was not able to leave class a little bit early to avoid the disturbances that he would feel from the noise and commotion, she was just told that they weren't doing that anymore. No explanation was given. I think it's also telling when the school district issued its prior written notice giving the parent the explanation as to why the private school was being rejected, that it said, we can provide faith. That was their sole explanation. Now, as the court is well aware, IDEA was amended recently, and in the past parents would submit similar letters requesting due process by benign faith. The statute now requires that they give specifics as to what it is they're objecting to, what relief they're requesting, and remedies that they propose. That is the flip side of the DOE's obligation under the prior written notice to explain why a particular proposed placement is inappropriate, to give the parents an opportunity to evaluate whether or not they should file for due process or continue to collaborate with the school. The parent didn't get that in this case, and I think that is not only a procedural violation but emblematic of the type of exclusion that was occurring in this case, and the fact that the parent may have been present at these meetings does not mean the parent was given a full and fair opportunity to participate. I think that's something that shouldn't be lost in this case because she was present. She's a single working mom. She's done everything she can to try and provide for this child the proper program according to what her experts recommend. But it was falling on deaf ears in this case, and I think the record clearly illustrates that. Under target range, of course, that is not meaningful parental participation, and that's still the precedent of this court. I think looking at Dr. Bowman's letter that is Excerpt of Record 32, one can see as early as the midyear point for the prior year, that is the seventh grade year, he was recommending to this parent to try out or consider a private placement. She didn't do that. She didn't run off and seek private placement. She did work with the school and try to get the skills trainer, and in that year Miss Amy was an effective skills trainer for this boy, and his behaviors were better. He did not have academic progress, but we can at least see that his behaviors were manageable. It's only when that skills trainer is lost and we proceed to the eighth grade year that the behaviors escalate to the point where he's just not good. Counsel, I wonder if I could draw your attention to page 18 of the lower court's decision. Judge Seabright says the burden in this proceeding is on BB, the party challenging the administrative ruling, citing the Seattle School District number one case, which was the older case. Is there any difference in this case between Schaefer and Seattle School since it was in fact BB that's challenging the ruling? The distinction here, Your Honor, is that the Seattle School District case is talking about the party appealing the order from below. Right. But in that case, the party, if it is a parent appealing in that particular case, in the initial proceeding that party did not have the burden of proof. No, I understand the school district under Seattle had the burden, but at this point, at the time you got to the district court, you lost at the administrative level, and as I understand Judge Seabright's ruling here, at least in the earlier part of the decision, he cites the Seattle case and he cites it for the proposition that your client had the burden of proof at the district court level, which is in effect the same as what the Supreme Court said in Schaefer, isn't it? It is insofar as you're looking exclusively at the appeal, but you have to examine the totality of the process in order to see what is fundamentally fair in this particular case, because even we'll concede that you're absolutely correct, and the case means what it says, that the burden in the appellate context is always on the person bringing the appeal. However, I would just ask you to consider the fact that it's a much different position, even if you lose below, if the burden of proof was on the other party than if it was on you. If you lose and the burden of proof was on you below, that's a much different circumstance, and the court is going to employ a different analysis. So are you contending that our review is not of the district court at this point, but rather of the administrative law judge and the standard of proof that was required at that point? No, what I'm saying is this, that at the time that the administrative law judge made his decision, there were certain premises in effect, and the premises that were in effect were, A, the DOE had the burden of going forward, and B, the DOE had the burden of proof. The case was presented to the hearing officer, and the hearing officer decided the case applying that standard. Right. Okay. So then on the appeal, and the parent did not prevail. Right. But under the ordinary, prior to Schaefer v. Weiss going up on appeal, the argument would be, yes, we have the burden of going forward and the burden of persuasion to the district court. However, below, the DOE had the burden of proof, and the court must consider whether or not the DOE carried that burden. Here, it's like a Russian doll stacked together, because we have a burden of proof that shifts for us at the district court level, and the district court is going to apply it in a manner in which it's analyzing what occurred below. I don't think the district court can come to the conclusions that it did, given the undisputed facts, unless it's applying Schaefer v. Weiss in hindsight. So you're imputing that to the judge? I think that's what you have. I think that's where you have to get. If you look at nothing more than Dr. Bowman's letters, I think that's where you have to get. I see that the yellow light is on. I'd like to reserve a couple minutes for rebuttal if I may. You may do so, counsel. You may reserve the balance of your time. We'll hear from the school district. Or I guess it's the State Education Department, right? The school district is. Counsel, you may introduce yourself. Good morning, Your Honors. May it please the Court, my name is Aaron Shulainer, and I represent the Department of Education. I believe the main thing in this case is that appellants were given the opportunity at the due process hearing to present their case. But more importantly, when they went to the U.S. District Court, the law was clear that they had the opportunity under the law to request supplementation of the record, which one would expect since they lost at the administrative hearing. You said the law was clear. Are you depending on the case just deep right-sided as to the burden? Correct. The Seattle School District case? Seattle School District. It's been established in the Ninth Circuit for a long time. Have you looked at Van Dyde? No, I apologize. I have not. I assume it might be similar to the L.E. v. Ramsey Third Circuit case. So specifically holds that retroactive application of Schaefer is permitted. Correct. We believe since they had the opportunity at the U.S. District Court level to present evidence, to supplement the record, and there is no dispute that they had the burden at the U.S. District Court level that they cannot now complain about Schaefer being applied retroactively since they were on notice at the U.S. District Court level. They had the burden. They could request to supplement the record, and as noted by the underlying court, they chose not to. The fact that the underlying court found that they didn't meet their burden, they shouldn't now have the opportunity to say, well, we should have put on some evidence. They had that opportunity. There was nothing stopping them from doing that. You heard my colloquy with Mr. Verity about the equivalency of Schaefer and Seattle School for purposes of the District Court. If I understood Mr. Verity correctly, he agreed they are substantially equivalent at that level. Is that the position of the Department of Education as well? Correct, because the U.S. District Court is doing a de novo review. Right. I guess that is why we believe that if one follows the case law, such as in Ojai, where even though it's a de novo review, great deference is given to the hearing officer's findings of fact, and that the burden, if we believe in that, and we're getting to the Ninth Circuit here, which is also applying de novo review, they have not really established that the hearing officer's findings of fact were incorrect. The hearing officer heard the testimony. Great deference is given to the trier fact in determining issues of credibility. He weighed the evidence. He found that, and I say this many times, that Ms. Fuller, the special education teacher, was an outstanding teacher. This was supported by district personnel, such as an autism educational specialist with a doctorate, the autism consulting teacher, the child had been with the teacher previously for over a year, the child had made educational progress. It's quite reasonable for the hearing officer to find that, in fact, the IEP developed in January 2004 was appropriate for the student. There is no new evidence that would lead the court to believe that this IEP was not, in fact, appropriate and that deference should not be given to the hearing officer who heard this case. I don't know if the court has any specific questions. I'm happy to answer them. If there are no further questions, I think that's fine. Counsel, you're submitting? Yes. Thank you. Any response? Pardon? Yes, Your Honor. Please. The fact that Ms. Schaefer may be an outstanding teacher is not really germane to the question of what kind of program J.C. was in and how that program was affecting him. The fact that her demeanor at hearing may have been pleasant or that the hearing officer may have liked her or she may be an effective teacher for other students is not relevant. What's relevant is where this child is in her program, and the answer that Ms. Kohler gave was he made no significant progress between seventh and eighth grade. Looking at the standard of review issues, I think the important thing for me to say at this point is that even if we have the burden throughout, that is, even if the parent had the burden from the beginning, and Schaefer v. Wiesten, again, I apologize for not reading the Van Dyne case. I read the Ninth Circuit opinions daily when they come out. They're forwarded to me, and somehow this is one of them. You have our sympathy. It eluded me. It's very helpful. Fine Law sends them right to my e-mail box, and this is one that I unfortunately missed, and I apologize to all of you for not being able to speak to it directly. However, if it applies, I still would call the Court's attention to the undisputed facts, the facts that Judge Seabright himself points out in terms of things that are going on with this child that are not contested by any evidence in the record. And if you look at those undisputed facts, whether or not Schaefer v. Wiesten applies retroactively all the way back to the first day of the administrative hearing, the undisputed facts show a child who, A, made no significant progress under the IEP that was in place for him in his seventh and eighth grade years, B, who, in addition to making no academic progress, who, once he lost his skills trainer in seventh grade, his hostile skills trainer took over and he began having multiple symptoms, auditory hallucinations, thoughts of suicidal ideation, and the like. Counsel, is your client now, is it called Loveland? Is that the name of the private school? Yes, Your Honor. At what point in this process did the mother, and I forget whether she, I guess the client is J.C. The client is J.C., the mother is B.B. At what point did B.B. transfer J.C. to Loveland without the consent of the school? Not until after the January midyear IEP meeting for the eighth grade year. And she went there specifically to discuss with the DOE the concerns that Dr. Henry and Dr. Bowman had raised about what was happening with J.C., you know, the fact that he wasn't sleeping, the fact that he was having these self-destructive thoughts and whatnot. Does the record indicate her position, in other words, if the school district ultimately says, you know, we've given you a favor, we're not going to do anything further, we're not going to reimburse you, does it indicate in the record what her position was about keeping her child at Loveland? If I understand your question, Your Honor, the parent's intent was to withdraw the child and seek reimbursement for services at Loveland. That's a point that she declared at the January IEP meeting. Her intention, I think, was to keep him there as long as he needed to be there, and I think that that's what the record shows. The point is he's still attending there and the parent has not been reimbursed for the services. And what grade is he in now? He's in high school. I believe it's either 11th or 12th. So he's almost pop. He's almost pop. Okay. And this is due, obviously, to the length that it's taken us from filing in the eighth grade year to getting a hearing in the ninth grade year, and then our appeal in tenth grade year, and here we are sort of near the end of things. We'd like to advance things more quickly than that, but it's not always possible, and sometimes getting the record up from our administrative hearings office to the district court creates delays from time to time. I would ask the Court not to forget in all the details that there is a child at the center of this case and that the undisputed facts show that he did not get the education that Congress intended that he received. Thank you, Counsel. The case just argued will be submitted for decision, and the Court will hear argument next in Burlington Insurance Company v. Steve's AG Services.
judges: O'scannlain, Tashima, Smith